

U.S. Department of Justice

Environment and Natural Resources Division

---

Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044

(202) 305-4598
jeffrey.hughes@usdoj.gov

May 27, 2025

**VIA CM/ECF**

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals
    for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

**Re:** *State of Texas v. EPA*, No. 23-60635

Dear Mr. Cayce:

    We respectfully submit this letter pursuant to this Court's May 14, 2025, directive. Dkt. No. 111. Because the finding of failure to submit at issue in this case no longer causes Texas any injury, this case is moot and should be dismissed. Alternatively, this Court should hold this case in abeyance pending EPA's action on Texas's recently submitted State Implementation Plan revisions for its Moderate ozone nonattainment classification. If EPA approves Texas's revisions, this case will be indisputably moot. If EPA disapproves the State's submissions, Texas can challenge that action in a new petition for review.

    As noted in EPA's May 8, 2025, letter, Texas has now submitted the required state plan elements—what it should have submitted to avoid the finding of failure to submit—and thus will not incur sanctions on account of that finding. *See* Dkt. No. 104. Therefore, the finding of failure to submit causes Texas no injury, and this case is moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990))).

Nonetheless, Texas asserts that this case is still justiciable because EPA must impose a Federal Implementation Plan by November 2025 if the Agency does not approve Texas's plan revisions. *See* Dkt. No. 109; 42 U.S.C. § 7410(c)(1) (EPA "shall promulgate a [federal plan] . . . within 2 years" after issuing a finding of failure to submit "unless the State corrects the deficiency, and the Administrator approves the plan or plan revision"). Texas is wrong that the *possibility* that EPA will issue a federal plan causes the State an injury that can confer standing.

Rather, "threatened injury must be *certainly impending* to constitute injury in fact" and "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up and emphases in original). Moreover, Article III requires the "invasion of a legally protected interest which is . . . concrete and particularized" to support federal court jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). But the prospect that the Agency *may* issue a federal plan in the next six months is hypothetical, not concrete and not certainly impending.

Moreover, given that Texas has now submitted complete plan revisions, it is speculative that EPA would issue a federal plan before taking action on the State's submissions. And if EPA disapproved Texas's plan revisions and subsequently issued a federal plan, the State could not trace any injury from the federal plan to the finding of failure to submit in this case, as the disapproval of Texas's submissions would provide an independent ground to issue such a plan. *See* 42 U.S.C. § 7410(c)(1)(B).

However, if the prospect that EPA might issue a federal plan gives the Court pause, this case should be put into abeyance pending EPA's review of the State's plan revisions.[1] If EPA approves Texas's submissions, even the hypothetical risk of a federal plan will evaporate, and the case will be indisputably moot. If EPA disapproves Texas's submissions, Texas can separately challenge the disapproval. Either way, this Court need not—and should not—resolve the dispute over the finding.

Regardless of what action EPA takes on Texas's plan revisions, any challenge to that action must be brought in a separate petition for review. In order to challenge an Agency action taken under the Clean Air Act, a party must file a

---

[1] There is no risk that EPA will surprise Texas with a federal plan, as the Clean Air Act requires that the Agency use notice-and-comment rulemaking to issue such a plan. *See generally* 42 U.S.C. § 7607(d) (requiring actions subject to this subsection—including federal plans—to go through notice-and-comment process).

petition for review after EPA has taken the relevant action. *See* 42 U.S.C. § 7607(b). Therefore, a party would need to file a separate petition for review to challenge whatever action EPA took on Texas's submissions, as the Agency's approval or disapproval would be a new final action under the Clean Air Act.

Therefore, this Court should dismiss this petition for review as moot or, in the alternative, hold this case in abeyance pending EPA's decision on Texas's SIP submissions.

Respectfully submitted,

*/s/ Jeffrey Hughes*
Jeffrey Hughes

cc: Counsel of record, via CM/ECF